IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUSH GOODSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-1467-N |
| | § | |
| NASCO HEALTHCARE INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This order addresses Plaintiff Rush Goodson's motion to compel Defendant Nasco Healthcare's production of metadata relating to Goodson's discovery requests. For the reasons below, the Court grants the motion to compel discovery.

### I. ORIGINS OF THE MOTIONS

This case arises from a dispute between Goodson and Defendant Nasco Healthcare Inc. ("Nasco") over alleged unpaid commissions. Nasco operates in the healthcare industry as a manufacturer in direct sales and distribution of medical products. Pltf.'s Am. Compl. ¶ 8 [33]. Nasco employed three salespeople: Angela Hoenig, Matt Long, and Goodson. *Id*. at ¶ 10. Hoenig and Long resigned from their employment after Nasco allegedly failed to pay owed commissions. *Id*. As a result, Goodson and Nasco began negotiations to take on new responsibilities and alter the compensation structure. *Id*. at ¶ 11. The parties failed to reach an agreement, and Nasco terminated Goodson's employment in April 2021. *Id*. at ¶ 12.

ORDER – PAGE 1

Goodson retained counsel and made a written demand to Nasco for his unpaid commissions. *Id*. at ¶ 13. Nasco did not respond to the written demand. *Id*. at ¶ 14. Goodson filed suit in June 2021. [1].

In October 2022, Goodson served Nasco's counsel with a Second Request for Production of Documents. Pltf.'s Mot. to Compel, Ex. A. This RFP included a request to produce sales data, commissions reports, and "all ESI [electronically stored information] relating to such requests" for years 2016, 2017, 2019, 2020, and Q1 2021. Pltf.'s 2d Req. for Prod., Nos. 1, 2, 3, 16. Nasco asserts that it has produced all relevant sales data and denies that the request for ESI was included in the Second Request for Production. Def.'s Resp. to Mot. to Compel, Ex. B. Goodson asserts that the sales data and associated ESI was not produced and filed a motion to compel in May 2023. [53].

## II. LEGAL STANDARD FOR DISCOVERY

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement. *McLeod, Alexander, Powel & Apffel, P.C. v.*

*Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. America Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court, however, has wide discretion to supervise discovery, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, is not proportional to the needs of the case, or if the burden or expense of proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

## II. THE COURT GRANTS GOODSON'S MOTION TO COMPEL

### A. Goodson Requested Electronically Stored Information

Requests for production may include requests for electronically stored information (ESI), including metadata. *See* FED. R. CIV. P. 34(a)(1)(A). If Goodson requested ESI, Nasco is obligated to produce it as part of discovery. The parties do not agree as to the contents of Goodson's Second Requests for Production. Both parties have produced different versions of the RFP, including different versions of Requests 1, 2, and 3, and with only Goodson's version containing a No. 16. *See* Pltf.'s Ex. A, Pltf.'s Rep. to Mot. to Compel; *but see* Def.'s Ex. B, Def.'s Resp. to Mot. to Compel. Neither party has provided additional evidence, such as an affidavit, proving their version to be the true and correct Second Requests for Production. It is unclear to this Court how the parties have such different accounts of what Goodson's Second Requests for Production really says.

ORDER – PAGE 3

However, both Goodson's and Nasco's versions of the documents contain, in the definitions and instructions for the requests, instructions stating that "electronic or magnetic data that is responsive . . . shall be produced in its native format" and "It is thereby demanded that you preserve all potentially discoverable or relevant . . . electronically stored information . . . . In doing so, you are not to change the file names, document content or any metadata to any and all files." Pltf.'s Ex. A, Pltf.'s Rep. to Mot. to Compel; Def.'s Ex. B, Def.'s Resp. to Mot. to Compel. This indicates to the Court that Goodson requested ESI in some fashion, and Nasco knew by way of instruction No. 11 to leave metadata intact when producing files. Accordingly, the Court finds that Goodson did request metadata and will therefore treat Goodson's version of the Second Request for Production as the true and correct account for the purposes of this motion.

### B. Goodson Has a Right to Discover Metadata in a Readable Format

Responsive ESI must be produced in the form in which it is ordinarily maintained or in another reasonably usable form. FED. R. CIV. P. 34(b)(2)(E). When a party is required to produce electronic documents as they are maintained in the ordinary course of business, the producing party should produce the electronic documents with their metadata intact. *J.M. Smith Corp. v. Ciolino Pharmacy Wholesale Distributors, LLC*, 2012 WL 13001456 at *5 (E.D. La. 2012) (quoting *Williams v. Sprint/United Management Co.*, 230 F.R.D. 640, 652 (D. Kan. 2005)). A file that is converted to another format solely for production, or for which the application metadata has been scrubbed or altered, is not produced as kept in the ordinary course of business. *McKinney/Pearl Restaurant Partners, L.P. v. Metropolitan Life Ins. Co.*, 322 F.R.D. 235, 250 (N.D. Tex. 2016). To the extent that any

ORDER – PAGE 4

files that Nasco has produced have been scrubbed of their metadata, the documents produced are not responsive to Goodson's request. Nasco argues that it has already produced metadata associated with relevant documents in the form of a .dat load file. Def.'s Resp. to Mot. to Compel, ¶ 8-9. However, Goodson has explained that the .dat file is not readable, so whatever metadata contained inside is not accessible or usable as discovery. Pltf.'s Rep. to Mot. to Compel, ¶ 2. The metadata produced only in the unreadable .dat file has not been produced in a "usable" format in accordance with Rule 34. Under Rule 34, Goodson has the right to request and receive metadata as part of discovery. Accordingly, Nasco must produce the documents requested in Nos. 1, 2, and 3 in a native format with metadata intact.

### C. Nasco Has Not Shown That the Discovery is Irrelevant or Disproportionate

Any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case is discoverable. FED. R. CIV. P. 26(b)(1). The Fifth Circuit places the burden on the responding party to show in the first instance that discovery requests are irrelevant. *See Merill*, 227 F.R.D. at 477; *McLeod*, 894 F.2d at 1485. To satisfy this burden, Nasco must show that "the information sought can have no possible bearing on the claim or defense of a party." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006). Metadata is relevant when the process by which a document was created is at issue or there are questions concerning a document's authenticity; metadata may reveal when a document was created, how many times it was edited, when it was edited and the nature of the edits. *Moore v. Alberto-Culver Co.*, 2009 WL 10704329 at *1 (N.D. Tex. 2009) (quoting *Kingsway Financial Servs., Inc. v. Pricewaterhouse-Coopers LLP*, 2008

ORDER – PAGE 5

WL 5423316 at *9 (S.D.N.Y. 2008)). Here, one of Goodson's claims is that sales and commissions data has been wrongfully manipulated. *See, e.g.,* Pltf.'s Am. Compl. ¶ 6. The metadata sought is associated with sales and commissions documents and is therefore relevant to show when related documents were created, if and when they were subsequently edited, and if they are an accurate record. Nasco has not shown that the metadata has "no possible bearing" on Goodson's claims of data manipulation. Accordingly, Nasco has not satisfied its burden to disprove the relevance of any of the requested material.

Nasco has likewise not shown that the discovery sought is disproportionate to the needs of the case. Factors considered when determining whether a discovery request is proportional include the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1); *see also Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 579 (N.D. Tex. 2016). The party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation. *Id.* at 580. Nasco has not shown that these factors weigh against Goodson's discovery requests. Accordingly, Nasco must produce discovery responsive to Goodson's Second Request for Production Nos. 1, 2, 3, and 16.

### *D. Nasco Is Not Unfairly Prejudiced by the Untimeliness of Goodson's Motion to Compel*

Nasco argued in its Response that Goodson could have and should have brought this motion before the close of discovery. The deadline for a motion to compel is dictated by the deadline to file motions, not the close of discovery. In this case, the motions deadline was March 31, 2023. [41]. While Goodson did bring this motion after the deadline, the Court finds that Nasco is not prejudiced by the timing of the motion because it has had notice of the missing discovery since long before the March 31 deadline or the filing of Goodson's motion. Although the parties have disputed whether and when Goodson sent a request for production of metadata, the missing metadata has been a topic of conversation between the parties since at least December 14, 2022. Def.'s Resp. to Mot. to Compel, ¶ 4; Def.'s Ex. C, Def's Resp. to Mot. to Compel. The subsequent ongoing discussion between the parties regarding the metadata issue, including Nasco's statement to Goodson that it would not produce more metadata even if it existed, should have made clear to all parties that there was an ongoing discovery dispute and that Goodson did not believe that Nasco had provided complete discovery. "The Federal Rules of Civil Procedure [and] case law all . . . emphasize that electronic discovery should be a party-driven process." *MC Asset Recovery, LLC v. Castex Energy, Inc.*, 2012 WL 12919263 at *5 (N.D. Tex. 2012) (quoting *Aguilar v. Immigration & Customs Enforcement Division*, 255 F.R.D. 350, 357 (S.D.N.Y. 2008)). By all appearances, Goodson put in a reasonable effort to resolve the discovery issues through communication between the parties without resorting to a motion to compel, hence the lateness of the motion. The Court will not find that Goodson's motion

ORDER – PAGE 7

to compel is barred by unfair prejudice to Nasco when Nasco's own behavior contributed to its untimeliness.

## CONCLUSION

Because Defendant Nasco Healthcare has not complied with Plaintiff Goodson's discovery requests for relevant information that are proportional to the needs of the case, the Court grants MBN's motion to compel. Goodson has made a reasonable showing that he served a Request for Production of certain files and associated metadata and that Nasco did not reasonably and in good faith provide adequate and responsive discovery. Accordingly, Nasco Healthcare is ordered to produce documents responsive to Goodson's Second Request for Production Nos. 1, 2, 3, and 16, including associated metadata in a native format within fourteen (14) days of this Order.

Signed August 28, 2023.

David C. Godbey
Chief United States District Judge