IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUSH GOODSON, | § | |
|    Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:21-CV-01467-N |
| NASCO HEALTHCARE INC., | § § § | |
|    Defendant. | § § | |

### MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Nasco Healthcare Inc.'s ("Nasco") motion to reconsider [95] the Court's Order denying Nasco's motion for summary judgment [79]. It also addresses Plaintiff Rush Goodson's motion for leave to file a sur-reply [129]. Because Nasco has not provided a sufficient reason for the Court to reconsider its summary judgment decision, the Court denies the motion to reconsider. The Court then denies Goodson's motion for leave to file a sur-reply as moot.

### I. ORIGINS OF THE DISPUTE

This case arises from a dispute between Goodson and Nasco over alleged unpaid commissions. Nasco operates in the healthcare industry as a manufacturer in direct sales and distribution of medical products. Pl.'s Am. Compl. ¶ 8 [33]. Nasco employed three salespeople: Angela Hoenig, Matt Long, and Goodson. *Id.* ¶ 10. Hoenig and Long resigned from their employment after Nasco allegedly failed to pay owed commissions. *Id.* As a result, Nasco and Goodson began negotiations for him take on new responsibilities

MEMORANDUM OPINION AND ORDER – PAGE 1

and alter his compensation structure. *Id.* ¶ 11. The parties failed to reach an agreement, and Nasco terminated Goodson's employment in April 2021. *Id.* ¶ 12.

Previously, Nasco moved for summary judgment on all claims. Def.'s Mot. Sum. J. [43]. The Court denied this motion. Order, Sept. 11, 2023 [79]. Nasco now moves for reconsideration of this order denying summary judgment. Def.'s Br. 3 [96]. Specifically, it seeks reconsideration of summary judgment as to Goodson's breach of contract claim based on the decision of another district court in a case filed by Matt Long. *Id.* at 4. It also seeks reconsideration of summary judgment as to Goodson's fraudulent concealment claim because additional discovery was conducted, and because another district court granted summary judgment against Angela Hoenig on her similar claim. *Id.* at 12, 16.

## II. LEGAL STANDARDS

### A. Reconsideration Standard

Federal Rule of Civil Procedure 54(b) empowers courts to reconsider any order issued before judgment is entered. FED. R. CIV. P. 54(b) (stating that "any order . . . that adjudicates fewer than all the claims . . . of fewer than all the parties . . . may be revised at any time before the entry of a judgment"); *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210–11 (5th Cir. 2010) (noting that "when a district court rules on an interlocutory order, it is 'free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law'" (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc))).

MEMORANDUM OPINION AND ORDER – PAGE 2

"Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Dos Santos v. Bell Helicopter Textron Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009). The standard is less exacting than that applied when analyzing a motion to amend a judgment under Rule 59 or a motion for relief from judgment under Rule 60. *Id.* But similar considerations should be entertained, such as "whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification." *Id.*

### B.  Issue Preclusion Standard

Issue preclusion, or collateral estoppel, prohibits relitigation of issues previously decided in another proceeding. It applies when "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision." *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005) (en banc). For issue preclusion to apply, "both the facts and the legal standard used to assess them" must be identical. *Copeland v. Merrill Lynch & Co.*, 47 F.3d 1415, 1422 (5th Cir. 1995).

Generally, nonparties cannot be precluded by a prior decision. *Taylor v. Sturgell*, 553 U.S. 880, 892–93 (2008). However, there are exceptions to this rule, including situations where the nonparty controlled the prior litigation and where the nonparty was adequately represented in the prior litigation. *Id.* at 894–95. "Control" for this purpose "'requires that a person have effective choice as to the legal theories and proofs to be advanced in behalf of the party to the action' and 'have control over the opportunity to

MEMORANDUM OPINION AND ORDER – PAGE 3

obtain review.'" *Students for Fair Admissions, Inc. v. Univ. of Tex.*, 37 F.4th 1078, 1087 (5th Cir. 2022) (quoting *Benson & Ford, Inc. v. Wanda Petroleum Co.*, 833 F.2d 1172, 1174 (5th Cir. 1987)). Adequate representation requires alignment of interests between the nonparty and representative and that the representative "understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty." *Taylor*, 553 U.S. at 900.

### III. THE COURT DENIES THE MOTION TO RECONSIDER

To prevail on a motion to reconsider, Nasco must show that there exists a sufficient reason for the Court to reverse its prior ruling. Having reviewed the briefs, the Court finds Nasco has not shown such a reason.

#### A. The Court Declines to Reconsider Denying Summary Judgment on Goodson's Breach of Contract Claim

Nasco's motion for reconsideration is based primarily on the decision of another court in *Long v. Nasco Healthcare, Inc.*, 2024 WL 1376371, at *1 (N.D. Ill. 2024), in which the court granted summary judgment for Nasco on all claims. Nasco argues Long's claims for breach of contract are "substantially identical" to Goodson's and urges this Court to reconsider its denial of summary judgment. Def.'s Br. 6–9. However, Nasco's arguments are mosty a rehashing of its previously denied summary judgment arguments. Further, the *Long* court's decision does not have issue-preclusive effect on Goodson.

Nasco first argues that the terms of Goodson's and Long's compensation agreements are "substantially identical." Def.'s Br. 6. Then, Nasco urges the Court to reconsider denying summary judgment on Goodson's breach of contract claim because the

MEMORANDUM OPINION AND ORDER – PAGE 4

court in *Long* granted summary judgment for Nasco on Long's similar claim. *Id.* at 7. In making this argument however, Nasco simply rehashes the same underlying arguments it made in its original motion for summary judgment. *Compare id.* at 8 (arguing the evidence shows that Goodson knew he would only be paid on Wisconsin sales he procured and about which he notified his manager), *with* Def.'s Mot. Summ. J. 18 [43] (same); *compare* Def.'s Br. 9 (arguing Goodson knew he was not entitled to commissions on OEM sales), *with* Def.'s Mot. Summ. J. 19 (same). Such rehashing of previously denied arguments is not a sufficient reason to reconsider. And the *Long* court's decision based on a different evidentiary record also does not compel reconsideration here.

Nasco alternatively argues that Goodson is subject to issue preclusion by the *Long* court's decision. This Court disagrees. First, it is not clear that the *Long* court's decision addresses the same issue as is present in this case. Nasco characterizes Long and Goodson's breach of contract claims as "substantially identical." Def.'s Br. 6. However, Nasco does not assert that Goodson and Long are both parties to the same contract. Instead, the two cases deal with two separate commission agreements. And the Court in *Long* applied Illinois law to that dispute. *Long*, 2024 WL 1376371, at *6. Here, the parties briefed the contract issue under Texas law. *See* Def.'s Mot. Summ. J. 13. Accordingly, the Court cannot say that the "identical" issue was decided in the *Long* case. *See Copeland*, 47 F.3d at 1422.

And even if the *Long* court addressed the same issue as here, Goodson neither controlled nor was adequately represented by Long, and therefore is not subject to nonparty preclusion. Nasco asserts that Goodson, Long, and Hoenig "entered into a common

MEMORANDUM OPINION AND ORDER – PAGE 5

interest/joint defense agreement with each other, consulted with each other on discovery matters, shared documents and information, and participated in a joint mediation with" Nasco. Def.'s Br. 6. However, this coordination falls short of the "control" required for nonparty preclusion. There is no evidence that Goodson ever had "effective choice as to the legal theories" advanced by Long. *See Students for Fair Admissions, Inc.*, 37 F.4th at 1087. And Long declined to appeal the adverse final judgment in his case. *See* Def.'s Mot. 7. If Goodson had "control over the opportunity to obtain review," *see Students for Fair Admissions, Inc.*, 37 F.4th at 1087, he likely would not have acquiesced to his own disadvantage. Accordingly, Goodson did not "control" Long's litigation and therefore is not subject to nonparty preclusion on that basis.

Goodson additionally was not adequately represented by Long. There is no evidence that Long "understood [him]self to be acting in a representative capacity." *See Taylor*, 553 U.S. at 900. Nor is there any indication that the *Long* court "took care to protect the interests" of Goodson. *See id.* Accordingly, Goodson is not subject to issue preclusion on the basis of adequate representation.

Because Nasco rehashes its summary judgment arguments, and because Goodson is not subject to nonparty issue preclusion by the *Long* court's decision, the Court declines to reconsider summary judgment on Goodson's breach of contract claim.

### B. The Court Declines to Reconsider Denying Summary Judgment on Goodson's Fraudulent Concealment Claim

As for the fraudulent concealment claim, Nasco's motion is based on (1) the resolution of Goodson's previously pending motion to compel, and (2) another court's

MEMORANDUM OPINION AND ORDER – PAGE 6

decision in *Hoenig v. Nasco Healthcare, Inc.*, 2024 WL 1177916, at *12 (W.D. Pa. 2024), where the court granted summary judgment for Nasco on Hoenig's fraudulent concealment claim. However, after reviewing the record, the Court finds no reason to reconsider its denial of summary judgment as to Goodson's fraudulent concealment claim.

Resolution of the motion to compel did not eliminate a genuine dispute of material fact. The motion to compel dealt with Goodson's request for raw sales data from Nasco. Pl.'s Mot. Compel 3 [53]. The Court granted this motion while briefing for the summary judgment motion was in progress. Now, Nasco asserts it has permitted Goodson's expert to inspect its data systems, and the expert found no evidence of fraudulent concealment. Def.'s Br. 14–15. However, the expert did find that the script used to create the relevant sales reports was modified between 2020 and 2022, and that therefore he was unable to verify whether the actual sales information from 2017–2020 was accurate. Pl.'s Appx. 23. To do so, he states he would need access to the then-existing script. *Id*. This inability to confirm the accuracy of sales data for the relevant time period means that some disputed fact issues are not resolved. Accordingly, the resolution of the motion to compel is not a sufficient reason for the court to reconsider its denial of summary judgment.

The *Hoenig* court's decision also is insufficient for the court to reconsider its previous decision. Just as with the *Long* case above, the *Hoenig* court was evaluating a separate factual and legal issue issue: concealment of Hoenig's sales data, not Goodson's, and application of Pennsylvania law, not Texas law. *See Hoenig*, 2024 WL 1177916, at *12. And, as with Long, Goodson neither controlled nor was adequately represented by Hoenig such that Goodson would be subject to issue preclusion. Accordingly, the Court

MEMORANDUM OPINION AND ORDER – PAGE 7

declines to reconsider its denial of summary judgment on the fraudulent concealment claim.

## CONCLUSION

The Court finds Nasco has not shown a sufficient reason for the Court to reconsider its decision denying summary judgment. Further, the Court finds that Goodson is not subject to nonparty issue preclusion based on the decisions of other courts in *Long* and *Hoenig*. Accordingly, the Court denies Nasco's motion to reconsider. The Court further denies Goodson's motion for leave to file a sur-reply as moot.

Signed November 19, 2024.

                                                          David C. Godbey
                                  Chief United States District Judge