IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUSH GOODSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-01467-N |
| | § | |
| NASCO HEALTHCARE INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Nasco Healthcare Inc.'s ("Nasco") motion to exclude expert testimony of Jeremiah Grant [98] and motion to strike two of Plaintiff Rush Goodson's expert disclosures [101]. It also addresses Goodson's motion to exclude expert testimony of Hugo Azevedo [115]. For the reasons below, the Court denies the motions to exclude Grant and Azevedo and grants the motion to strike Goodson's expert disclosures.

### I. ORIGINS OF THE MOTION

This case arises from a dispute between Goodson and Nasco over alleged unpaid commissions. The Court has previously discussed the factual allegations in this suit, *see e.g.*, *Goodson v. Nasco Healthcare Inc.*, 2024 WL 4829487, at *1 (N.D. Tex. 2024), and the Court will not recount them in great depth here. Nasco now moves to exclude the expert testimony of Jeremiah Grant and to strike the expert disclosures of Rush Goodson and Dana Trexler. Def.'s Br. Exclude 1 [99]; Def.'s Br. Strike 3 [102]. Goodson likewise moves to exclude the expert testimony of Hugo Azevedo. Pl.'s Mot. 5 [115].

MEMORANDUM OPINION AND ORDER – PAGE 1

## II. LEGAL STANDARDS

### A. Expert Testimony

Under Federal Rule of Evidence 702 a witness must be qualified as an expert by "knowledge, skill, experience, training, or education." FED. R. EVID. 702. A qualified expert may testify if the expert's specialized knowledge will help the trier of fact and (1) "the testimony is based upon sufficient facts or data," (2) "the testimony is the product of reliable principles and methods," and (3) "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." *Id*. District courts must determine that expert testimony "is not only relevant, but reliable," and make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid" and "can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589, 592–93 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150–51 (1999) (holding *Daubert* principles apply to all types of experts). The focus, however, "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595.

District courts have broad discretion to determine the admissibility of expert testimony. *Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 400 (5th Cir. 2016). But the rejection of expert testimony is the exception, not the rule. *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, 2016 WL 9560113, at *3 (N.D. Tex. 2016). The *Daubert* inquiry may not replace the adversarial system. *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002). "[V]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate

MEMORANDUM OPINION AND ORDER – PAGE 2

means of attacking shaky but admissible evidence." *Id.* at 250 (quoting *Daubert*, 509 U.S. at 596). Indeed, "while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits." *Id.*

### B. Expert Disclosures

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose the identity of expert witnesses and to provide a written report when the witness is a retained expert. FED. R. CIV. P. 26(a)(2). Among other things, the written report must include "the facts or data considered by the witness in forming" his opinions and "any exhibits that will be used to summarize or support them." *Id.* These disclosures and reports must generally be full and final. *See Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 256–57 (5th Cir. 1997) (affirming refusal to allow expert to add an opinion on a new issue after expiration of the deadline); *Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003) (noting that permitting supplemental expert reports "would surely circumvent the full disclosure requirement implicit in Rule 26").

Under Rule 37(c), if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c). In considering whether a violation is harmless, the Court considers:

> (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony.

MEMORANDUM OPINION AND ORDER – PAGE 3

*Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). "The Court has broad discretion in deciding whether a violation of Rule 26(a) is substantially justified or harmless." *United States ex rel. Taylor v. Healthcare Assocs. of Tex., LLC*, 2024 WL 4508961, at *16 (N.D. Tex. 2024) (Godbey, C.J.).

### III. THE COURT DENIES NASCO'S MOTION TO EXCLUDE GRANT'S TESTIMONY

Nasco moves to exclude the opinion testimony of Jeremiah Grant on two grounds: (1) because he failed to produce all the documents and information he considered in forming his opinions; and (2) because he did not use any scientific, technical, or otherwise specialized knowledge in rendering his opinions. The Court takes each argument in turn.

#### A. Grant's Disclosure was Sufficient

Nasco first argues that Grant's testimony should be excluded because he failed to produce specific communications with Goodson and with Grant's colleague, Cody Bradley, that Grant relied upon. Def.'s Br. Exclude 5–8. However, the Court concludes that Grant's production and disclosures were sufficient and therefore the Court declines to exclude his testimony on this basis.

Goodson retained Grant to calculate the amount of commissions that Nasco allegedly owes Goodson. *See* Def.'s Appx. Exclude 9 [100]. In doing so, Grant states in his report that he relied upon "[c]ommunications with Rush Goodson," among other things. *Id.* at 263. Nasco received Grant's report less than 48 hours before Grant's deposition was to take place. Def.'s Br. Exclude 5. At that time, Nasco did not receive any communications between Goodson and Grant. *Id.* Upon Nasco's request, Grant then

produced communications and notes that he specifically relied upon in making his report. *See id.*; Def.'s Appx. Exclude 294–99.

In his report, Grant states that he relied on Goodson to identify the specific "filters" to use in the sales data spreadsheets in order to identify those sales Goodson believes should have resulted in a commission payment. *Id.* at 12–13 & nn.5–7. And at deposition, Grant reaffirmed that Goodson was "responsible for identifying the transactions on which [he] believes he's entitled to a commission" and that Grant's "job then is to calculate damages based upon [Goodson's] presentation of the case." *Id.* at 299. Grant then stated that communications Goodson produced to Nasco were the ones that "guided" his work on this report and contained information that he relied on. *Id.* at 298, 301.

However, Nasco seeks to exclude Grant's testimony because (1) not *all* communications between Grant and Goodson had been produced; (2) communications between Grant and his colleague, Bradley, were not produced; and (3) a word document summarizing Goodson's instructions about identifying sales was not produced. Def.'s Br. Exclude 5–7. However, the Court concludes that Grant's disclosures were sufficient, and even if they were not, any failure was harmless.

First, Rule 26 does not require production of all communications here; it requires production of specifically "the facts or data considered by the witness" in forming his opinions. *See* FED. R. CIV. P. 26(a)(2)(B)(ii). And to that end, Grant stated that he produced the communications that contained information he relied upon. Def.'s Appx. Exclude 298, 301. Further, Grant was forthcoming in his report and deposition testimony about the fact that Goodson dictated which types of sales to consider (i.e., which "filters" to use) when

MEMORANDUM OPINION AND ORDER – PAGE 5

calculating damages. And the specific filters applied for each spreadsheet are explicitly detailed in Grant's report. *Id.* at 12–13. Accordingly, Nasco was fairly apprised of the substance of these communications between Grant and Goodson as to the filters, and any failure to produce the specific communications listing the same is harmless.

Second, to the extent that Grant relied on information from his colleague, Bradley, the substance of that information is also fairly disclosed in Grant's report. Nasco seeks this information because "Bradley . . . had primary contact with Goodson" in determining the filters to use. Def.'s Br. Exclude 7. However, as Bradley simply acted as a conduit for the same filter information that is already disclosed in the report, there is no need to produce duplicative or cumulative information when the substance is already disclosed. The same logic applies to the word document containing these filters.

Accordingly, the Court declines to exclude Grant's testimony on the basis of a failure in disclosure.

### B. Grant Meets the Requirements of Rule 702

Nasco next argues that Grant's testimony should be excluded because (1) he does not use any scientific, technical, or other specialized knowledge; and (2) it is not based on sufficient data. Reviewing Grant's report, the Court concludes that he meets the requirements of Rule 702 and denies the motion to exclude his testimony.

Grant employs specialized knowledge though his ability to work with large datasets and pivot tables. He stated as much in his deposition. *See* Pl.'s Resp. Exclude, Ex. A at 130 [112]. Nasco's argument is not that this does not qualify as specialized knowledge, but that instead Goodson "essentially performed all of the substantive work" by giving

MEMORANDUM OPINION AND ORDER – PAGE 6

Grant the datasets, dictating which sales to count, and supplying the filters. *See* Def.'s Br. Exclude 11. However, the fact that Goodson supplied certain assumptions based on his theory of the case does not render Grant's calculation and analysis of damages amounts nontechnical. As already noted, Grant's function was simply to calculate the owed commissions assuming Goodson is right that he is owed commissions on certain sales. Grant's analysis of the large datasets does exactly that. Accordingly, he brings technical or specialized knowledge to bear and should not be excluded on this basis.

Grant's report is also based on sufficient data. Nasco takes issue with the fact that Grant used the "Qlik Bigboy Rush 2017" dataset instead of other possible sources. Def.'s Br. Exclude 12–13. However, the scope of Grant's engagement was to calculate damages on the assumption that Goodson is owed a commission on the sales listed in the spreadsheet. And Grant testified that he had "sufficient confidence" in the Qlik file to use it as a dataset for his calculation purposes. Def.'s Appx. Exclude 326–27. To the extent that the factfinder concludes Goodson is not owed a commission on certain (or any) sales, it would know to disregard the damages calculations based on those sales. And Nasco is free to make arguments at trial about whether an alternate data source would have been more accurate. The Court accordingly concludes that Grant's report is based on sufficient data to be admissible and therefore denies the motion to exclude his testimony.

### IV. THE COURT GRANTS NASCO'S MOTION TO STRIKE THE EXPERT DISCLOSURES OF GOODSON AND TREXLER

Nasco next moves to strike Goodson's disclosures of two experts: Dana Trexler and Rush Goodson himself. Def.'s Br. Strike 3 [102]. Reviewing the record, the Court

concludes that both disclosures violated the requirements of Rule 26, the violations were neither substantially justified nor harmless, and therefore should be stricken.

Nasco first argues that Trexler's disclosure should be struck because it did not include a written report as required by Rule 26(a)(2)(B). *Id.* at 4. The Court agrees. This rule requires that a disclosure of a retained expert witness "must be accompanied by a written report" that includes, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B). Here, Goodson disclosed Trexler as an expert to testify "as to Plaintiff's damages . . . in reference to demonstrative exhibits to be prepared . . . under her direction and supervision." Def.'s Appx. Strike 7 [103]. But Goodson provided no written report or a statement of Trexler's opinions. *See* Def.'s Br. Strike 4–5; Pl.'s Resp. Strike 5 [111]. This lack of written report plainly violates the commands of Rule 26.

Goodson argues that no expert report should be required for Trexler because she was retained "not for expert testimony but for the preparation of demonstrative exhibits to be used at the trial of this case." Pl.'s Resp. Strike 5. However, Goodson included Trexler in his expert disclosures and specifically stated that she "may testify based on her accounting expertise as to Plaintiff's damages." Def.'s Appx. Strike 7. If Trexler was to testify as an accounting expert, she must have provided a report. A failure to do so at this point in the case cannot be substantially justified, and other than the argument that no report should be required, Goodson gives no explanation that would allow the court to find the failure was justified. And failing to produce a report is likewise not harmless. Serving a new expert report now would likely require additional discovery by Nasco, and potentially

MEMORANDUM OPINION AND ORDER – PAGE 8

a responding expert, likely resulting in additional expense and delay for Nasco. Accordingly, the Court grants Nasco's motion to strike the expert disclosure of Trexler.[1]

Nasco next argues that Goodson's disclosure of himself as a nonretained expert should be struck because it did not include a summary of the facts and opinions to which he is expected to testify. Def.'s Br. Strike 7–8. The Court agrees. Rule 26(a)(2)(C) requires the disclosure of a nonretained expert to state the subject matter on which the expert is to testify and a summary of the facts and opinions the expert will testify about. FED. R. CIV. P. 26(a)(2)(C). Here, Goodson's disclosure of himself as an expert stated, in its entirety, that Goodson "will testify as to his damages and damage model based on discovery from the parties in this matter, including the sales data extractions from Nasco's ERP systems, MAPICS and P8 performed by work by [sic] Guide Technologies, and his knowledge from his employment at Nasco." Def.'s Appx. Strike 6. This one-sentence disclosure amounts to a total failure by Goodson to sufficiently state a summary of the facts and opinions he would testify about. He references large data sources but fails to give any sort of view or opinion about a matter in controversy. In this way, his disclosure violates the requirements of Rule 26.

The Court further concludes that this failure to properly disclose Goodson as an expert is neither substantially justified nor harmless. Goodson supplies no argument or

---

[1] In his response, Goodson states that he intends to substitute two different experts, Scott Hilton and Jeff Dahm, in place of Trexler. Pl.'s Resp. Strike 2 n.1. Goodson further states that their designations would be "on the same basis as that used for Ms. Trexler." *Id.* Thus, the Court's ruling on Trexler applies to Hilton and Dahm to the extent they are substitutes for Trexler.

MEMORANDUM OPINION AND ORDER – PAGE 9

explanation to show why this failure was substantially justified. And the deficiency is not harmless. Discovery is closed, and any need for Nasco to conduct new discovery on freshly disclosed expert opinions would likely result in further expense and delay. Additionally, Goodson has another expert, Grant, who can testify to damages. As such, the testimony is not critical to Goodson's case. Accordingly, the Court grants the motion to strike Goodson's disclosure of himself as an expert.

### V. THE COURT DENIES GOODSON'S MOTION TO EXCLUDE AZEVEDO'S TESTIMONY BECAUSE IT IS MOOT

Finally, Goodson moves to exclude the testimony of Hugo Azevedo under Rule 702. Pl.'s Mot. 4 [115]. In response, Nasco states that, while it included Azevedo in its initial disclosures, his absence from Nasco's amended disclosures was intentional because it no longer wishes for him to offer expert testimony at trial. Def.'s Resp. 1–2 [127]. Accordingly, the Court denies Goodson's motion to exclude Azevedo's testimony as moot.

### CONCLUSION

Because Jeremiah Grant meets the requirements of Rule 702, the Court denies Nasco's motion to exclude his testimony. Then, because Goodson's disclosures of Dana Trexler and himself as experts violate the requirements of Rule 26, the Court grants Nasco's motion to strike those disclosures. Finally, the Court denies Goodson's motion to exclude Hugo Azevedo's expert testimony as moot.

Signed April 30, 2025.

_____
David C. Godbey
Chief United States District Judge