IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUSH GOODSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-01467-N |
| | § | |
| NASCO HEALTHCARE INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Nasco Healthcare Inc.'s ("Nasco") motion for protective order [106] and Plaintiff Rush Goodson's motion for leave to file sur-reply [129] and motion for sanctions [113]. Because Goodson has exceeded the number of depositions permitted in this case, the Court grants the motion for protective order. Next, the Court denies Goodson's motion for leave to file a sur-reply. Finally, because Goodson has not shown Nasco violated the Court's prior Order compelling discovery, the Court denies his motion for sanctions.

### I. Origins of the Motions

This case arises from a dispute between Goodson and Nasco over alleged unpaid commissions. The Court has previously discussed the factual allegations in this suit, s*ee Goodson v. Nasco Healthcare Inc.*, 2024 WL 4829487, at *1 (N.D. Tex. 2024), and will not recount them here. In October 2022, Goodson served Nasco's counsel with a Second Request for Production of Documents. Pl.'s Mot. Compel 3 [53]. This RFP included a request to produce sales data, commissions reports, and "all ESI [electronically stored

information] relating to such requests" for years 2016, 2017, 2019, 2020, and Q1 2021. *Id.* After Nasco failed to produce the requested ESI, Goodson moved for an order compelling Nasco to provide electronically stored sales data and metadata. *Id.* The Court found the disputed discovery requests were relevant and proportional to the needs of the case and granted Goodson's motion to compel. Mem. Op. & Order 8 (Aug. 28, 2023) [78]. In an effort to comply with this Order, Nasco permitted Goodson and his IT expert, Carlos Vela, to conduct a site visit and directly access Nasco's data storage systems. Def.'s Resp. Sanctions 1–2 [125]. This visit allowed Vela to extract the requested data and metadata in native format. *Id.* at 2. One observer present at the site visit was Brian Hudson. Pl.'s Resp. 3 [117]. Following this visit, Goodson sought to take Hudson's deposition. *Id.* at 1.

Nasco now moves for a protective order quashing the notice of deposition of Brian Hudson. Def.'s Br. 1 [107]. Goodson moves for leave to file a sur-reply to that motion. Pl.'s Mot. Leave 1 [129]. Goodson also moves for discovery sanctions against Nasco, asserting it has not complied with the Court's Order compelling discovery. Pl.'s Mot. Sanctions 1 [113]. The Court takes each motion in turn.

## II. LEGAL STANDARDS

### A. Discovery and Protective Order

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The Fifth Circuit requires the party seeking to

MEMORANDUM OPINION AND ORDER – PAGE 2

avoid discovery to specify why the discovery is not relevant or show that it fails the proportionality requirements. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, is not proportional to the needs of the case, or if the burden or expense of the proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

Rule 26(c) authorizes courts to issue "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. FED. R. CIV. P. 26(c). Protective orders may forbid certain disclosures, specify the terms for disclosure, forbid inquiry into certain matters, or limit the scope of disclosure to certain matters. *Id.* The Court may also issue a protective order on relevant discovery that is unduly burdensome. *Id.* The "decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion." *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999).

### B. Discovery Sanctions

"District courts have power under various provisions of the Federal Rules of Civil Procedure, *see, e.g.*, FED. R. CIV. P. 11, 26, 37, as well as their own inherent authority 'to punish bad faith conduct occurring during litigation.'" *U.S. Risk, LLC v. Hagger*, 650 F. Supp. 3d 520, 524 (N.D. Tex. 2023) (Godbey, C.J.) (quoting *Thomas v. Napolitano*, 2012 WL 13019644, at *2 (N.D. Tex. 2012)). Courts "wield their various sanction powers at their broad discretion." *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993) (collecting cases).

Federal Rule of Civil Procedure 37(b)(2) provides a wide array of sanctions a Court may impose if a party fails to obey a discovery order. *See* FED. R. CIV. P. 37(b)(2). When considering whether to impose discovery sanctions, courts consider "(1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of the trial; and (4) any other relevant circumstances." *United States v. Garza*, 448 F.3d 294, 299–300 (5th Cir. 2006).

### III. THE COURT GRANTS NASCO'S MOTION FOR PROTECTIVE ORDER

Nasco moves for a protective order quashing Goodson's notice of deposition of Brian Hudson, arguing that it would exceed the ten-deposition limit. Def.'s Br. 1. In response, Goodson seeks leave to take this eleventh deposition. Pl.'s Resp. 5. However, because Goodson has not met his burden to show the necessity of this eleventh deposition, the Court grants Nasco's motion.

Under Rule 30(a)(2), absent a stipulation of the parties, a party must obtain leave of court to take more than ten depositions. FED. R. CIV. P. 30(a)(2). When a party is required

to, and does, seek leave under Rule 30(a)(2)(A)(i) "to take more than ten depositions, the court's decision whether to grant such leave is governed by the principles set out in" Federal Rules of Civil Procedure 26(b)(1) and 26(b)(2). *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482 (N.D. Tex. 2001). In evaluating the proportionality of discovery, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). Under Rule 26(b)(2)(C), "the court must limit discovery when it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *UWorld LLC v. USMLE Galaxy LLC*, 349 F.R.D. 258, 270 (N.D. Tex. 2025) (quoting *EEOC v. SkyWest Airlines, Inc.*, 2024 WL 1942124, at *3 (N.D. Tex. 2024)).

The party moving for leave under Rule 30(a)(2)(A) to take more than ten depositions must first show "the necessity for each deposition [it] took without leave of court pursuant to the presumptive limit of Rule 30(a)(2)(A)." *Barrow*, 202 F.R.D. at 482. The movant must also then show the necessity of the additional depositions it seeks leave to take. *UWorld LLC*, 349 F.R.D. at 271.

Here, the Court concludes that Goodson has had ample opportunity to obtain the information he seeks from other witnesses and fails to show the necessity of Hudson's

MEMORANDUM OPINION AND ORDER – PAGE 5

deposition. The Court therefore denies his request for leave to take this eleventh deposition.

Brian Hudson is an employee of Nasco Education — a nonparty entity. Def.'s Br. 4; *see also* Pl.'s Resp. 1 (stating Hudson is "an employee of Nasco Education"). After the Court granted Goodson's motion to compel, the parties engaged in an onsite inspection of Nasco's electronic sales data systems. Pl.'s Resp. 2–3. Goodson's expert, Carlos Vela, conducted the inspection. *Id.* at 3. Hudson was present at the inspection "as an observer." *Id.* Nasco asserts he was one of multiple observers and was there because the inspection occurred on Nasco Education's premises. Def.'s Br. 4. Goodson also notes that Hudson is listed as the author on a spreadsheet produced by Nasco in November 2022. Pl.'s Resp. 3.

Goodson first argues that a prior agreement between the parties results in Hudson's deposition not counting against the ten-deposition limit. *Id.* at 4. However, even a cursory examination of the emails between the parties reveals no such agreement. In an email dated March 5, 2024, Nasco's counsel set out an agreement of the parties to modify the scheduling order deadlines related to IT experts. *See* Def.'s Reply Appx., Ex. A [124]. It provides a new deadline for disclosure of IT expert reports, opposing reports, rebuttal reports, and for all motions, including objections to expert testimony. *Id.* Goodson's counsel responded in assent. *Id.* However, this agreement says nothing about increasing the number of depositions. And Goodson never disclosed Hudson as an IT expert to which this agreement would apply. Accordingly, there is no agreement exempting Hudson from the standard ten deposition limit.

Next, Goodson argues that Hudson's deposition is necessary and noncumulative, and therefore the Court should grant leave for Goodson to take his deposition. Pl.'s Resp. 7. Specifically, Goodson argues that Hudson "has important knowledge relating to the Qlik reports generated by Nasco, participated in the inspections held in Ft. Atkinson, WI, and was identified as a person who changed numbers in the HOST ERP system." *Id.* But the Court finds that these reasons are insufficient, and that Goodson had ample opportunity to obtain this information from other witnesses.

First, Goodson fails to show the relevance of the Qlik report information purportedly authored by Hudson. Goodson attaches a one-page screenshot of the file information page of an Excel spreadsheet titled "2019 Total Qlik Sales" showing Hudson's name as an author. Pl.'s Resp., Ex. A [117-1]. But Goodson provides little explanation about why this spreadsheet is relevant to the case. Goodson asserts it contains sales data. *See* Pl.'s Resp. 3. But Nasco specifically asserts that this spreadsheet is "not the raw sales data that [Nasco] produced." Def.'s Reply 5 [123]. Furthermore, this spreadsheet was apparently produced in November of 2022, yet Goodson waited until nearly a year later to seek Hudson's deposition. And Goodson already deposed at least four other witnesses for their knowledge of sales reports and data. *See* Pl.'s Resp. 5–6 (stating Melissa Dummer was deposed "for her knowledge on data and information in the Qlik sales reports," Jack McNeff was deposed for "his knowledge on the commission plan and sales reports," Dianne Wentz was deposed for her knowledge on "how sales were entered into tracking systems," and Steve Marin was deposed for "his knowledge on commission reports"). Accordingly, Goodson had ample opportunity to get this information earlier and from other witnesses.

MEMORANDUM OPINION AND ORDER – PAGE 7

Second, Goodson fails to show how Hudson's purported participation in the onsite data inspection makes his deposition necessary. Both parties expressly state that Hudson was present as an observer. Goodson provides no facts expounding on Hudson's role or actions during that inspection, beyond his mere presence, that could give rise to an inference Hudson has discoverable information relating to that inspection or the data system.

And third, related to the assertion Hudson changed numbers in HOST, Goodson had ample prior opportunity to seek this information as well. Goodson deposed Nasco's then-CEO, Kenneth Miller, in January 2023 and asked him multiple questions about the HOST system and specifically Hudson's involvement in changing the data. *See* Def.'s Reply Appx., Ex. B, at 11. He also deposed Nasco's then-CFO, John Bohrman, about HOST, and Bohrman described HOST as a system used to format and present data — a "consolidator." *Id.*, Ex. C, at 23. Accordingly, Goodson was aware of the HOST system for years and could have obtained additional information about that system from other witnesses. Thus, Goodson fails to show the necessity of Hudson's deposition, and the Court therefore grants Nasco's motion for protective order and hereby quashes the notice of deposition of Brian Hudson.[1]

---

[1] Nasco also argues that Goodson's notice of deposition of Brian Hudson was procedurally defective, in that it required a subpoena and not just a notice because Hudson is an employee of a nonparty. Def.'s Br. 4–5. Because the Court concluded, on the merits, that a protective order is warranted, the Court does not reach these arguments about whether a subpoena is required.

MEMORANDUM OPINION AND ORDER – PAGE 8

### IV. THE COURT DENIES GOODSON'S MOTION FOR LEAVE TO FILE A SUR-REPLY

Beyond opposing Nasco's motion for protective order, Goodson also seeks leave to file a sur-reply to Nasco's motion. Pl.'s Mot. Leave 1. However, upon reviewing the motion, the Court concludes no sur-reply is warranted and therefore denies Goodson's motion. The Local Civil Rules of the Northern District of Texas "do not contemplate sur-replies." *Comstock v. City of Balch Springs*, 2017 WL 2791113, at *1 (N.D. Tex. 2017), *adopted*, 2017 WL 2778117 (N.D. Tex. 2017). A sur-reply is generally appropriate only after a party raises a new argument for the first time in a reply. *See Killion v. Truist Bank*, 2025 WL 1531580, at * 5 (N.D. Tex. 2025) (citing *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024)). "Whether to allow filing a surreply is within the sound discretion of the district court, subject to review for abuse of discretion." *Embry v. Hibbard Inshore, L.L.C.*, 803 F. App'x 746, 749 (5th Cir. 2020) (unpub.) (per curiam) (citing *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

Goodson proffers two arguments why a sur-reply should be permitted: (1) to explain Hudson's role in the IT inspection, and (2) to expound on Hudson's creation of the 2019 Total Qlik Sales spreadsheet. Pl.'s Mot. Leave 2. However, both of these are topics Goodson already addressed when he responded to Nasco's motion for protective order. Goodson already had the chance to discuss these issues, and the Court rejected his positions as presented in his response. Nasco raised no new legal theories in reply to which this proposed sur-reply could appropriately respond. Accordingly, the Court denies Goodson's motion for leave to file a sur-reply.

## V. THE COURT DENIES GOODSON'S MOTION FOR SANCTIONS

Finally, Goodson moves for sanctions against Nasco, claiming that Nasco has failed to comply with the Court's previous Order granting Goodson's motion to compel. Pl.'s Mot. Sanctions 2. However, because the Court concludes Nasco did not fail to comply with the Order, the Court denies the motion for sanctions.

In granting Goodson's motion to compel, the Court ordered Nasco to produce the requested electronically stored information and associated metadata in a native format. *See* Mem. Op. & Order 8 (Aug. 28, 2023). In an effort to comply with this Order, Nasco permitted Goodson and his IT expert, Carlos Vela, to conduct a site visit and directly access Nasco's data storage systems. Def.'s Resp. Sanctions 1–2 [125]. This visit allowed Vela to extract the requested data and metadata in native format. *Id.* at 2.

Goodson now seeks sanctions based on Nasco's (1) use of an unproduced data extraction script during its deposition of Vela, and (2) nonproduction of any data from the HOST system. Pl.'s Mot. Sanctions 2–3. However, the Court concludes that neither of these actions constitute a violation of the Court's Order compelling discovery. First, as to the script, Goodson asserts that the scripts "could have only come from the metadata" that is the subject of the Order compelling discovery. *See id.* at 3. But it is unclear to the Court how that is the case. A "script" is not itself data or metadata — it is code used to control a software program. *Compare Script*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/script (last visited Aug. 4, 2025) (defining script as "a sequence of instructions or commands for a computer to execute; *especially*: one that automates a small task (such as assembling or sorting a set of data)"), *with Data*, MERRIAM-WEBSTER,

MEMORANDUM OPINION AND ORDER – PAGE 10

https://www.merriam-webster.com/dictionary/data (last visited Aug. 4, 2025) (defining data as "factual information"), *and Metadata*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/metadata (last visited Aug. 4, 2025) (defining metadata as "data that provides information about other data"). And Vela, at his deposition, seemingly shared this understanding of script versus data when he answered a question about how he "would write Sql scripts to extract data from" Nasco's systems. *See* Def.'s Sanctions Appx. 25 [126]. Accordingly, the Court concludes that use of an unproduced script during Vela's deposition is not noncompliance with the Court's previous Order.

     Second, as to the HOST system, Goodson argues that Nasco "did not produce data and associated metadata from its HOST ERP system, although such data was apparently relied on when Qlik Big Boy was produced in October 2020." Pl.'s Mot. Sanctions 2. However, because HOST is not a data storage system, but is instead a system for presenting data (pulled from other storage systems) for use in reports, the Court concludes that Nasco complied with its obligations in the Court's previous order. Nasco's former CFO, Bohrman, testified that HOST is "a system that would take data from the XA system, in New York and the P8 system in Fort Atkinson and format them and present them." Def.'s Sanctions Appx. 41. And these two systems, XA and P8, were the systems Vela and Goodson had direct access to during the onsite inspection. Def.'s Resp. Sanctions 1. Thus, Goodson had the opportunity to extract all data and metadata, in native form, that HOST used to produce reports. Accordingly, Nasco complied with the Court's Order and the Court therefore denies Goodson's motion for sanctions.

MEMORANDUM OPINION AND ORDER – PAGE 11

## CONCLUSION

Because Goodson has had ample opportunity to obtain the information about the HOST system from other witnesses, the Court denies his request for leave to exceed the deposition limit and hereby quashes the notice of deposition of Brian Hudson. The Court also denies Goodson's motion for leave to file a sur-reply. And finally, because Nasco complied with the Court's order compelling discovery, the Court denies Goodson's motion for sanctions.

Signed August 12, 2025.

_David C. Godbey_
David C. Godbey
Chief United States District Judge